Kevin P. McCulloch, Esq.
Nate A. Kleinman, Esq.
The McCulloch Law Firm, PLLC
501 Fifth Avenue, Suite 1809
New York, NY 10017
Telephone: (212) 355-6050
kevin@mccullochiplaw.com
nate@mccullochiplaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANETTE BECKMAN, *Plaintiff*, v. KNOWLEDGE BENNETT, *Defendant*. | Civil Case No. COMPLAINT JURY TRIAL DEMANDED |

Plaintiff Janette Beckman, by and through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demands a trial by jury of all claims and issues so triable, and, as and for her Complaint against Defendant Knowledge Bennett, hereby asserts and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for copyright infringement brought against Defendant for unauthorized and infringing uses of Plaintiff's copyrighted photograph.

2.      Plaintiff seeks damages and other relief related to Defendant's knowing and willful infringements of Plaintiff's copyrights in the original photographic work identified in Exhibit 1

that is the subject of this action.

**PARTIES**

3. Plaintiff is an acclaimed professional photographer who earns her living by creating, selling, and licensing her photographs.

4. Plaintiff is a resident of the state of New York and has been living and working in New York City since the early-1980s.

5. Throughout the 1980s and '90s, Plaintiff shot portraits of many of the pioneering hip-hop artists including Run-D.M.C., Grandmaster Flash, Public Enemy, LL Cool J, among many others.

6. Plaintiff's photographs have been featured in numerous books and publications, including in *The New York Times* "Lens" blog and *The Guardian*, and have been exhibited in galleries and museums around the world, including the permanent collections of the Smithsonian Museum of African American History and Culture, the Museum of the City of New York, and the Musée des Civilisations de l'Europe in Marseilles, France.

7. Plaintiff is currently represented by the Fahey/Klein Gallery in Los Angeles, California.

8. Defendant Knowledge Bennett is a visual artist who, upon information belief, previously resided in New York and currently resides in Los Angeles, California.

**JURISDICTION AND VENUE**

9. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original

jurisdiction over claims arising under any act of Congress related to copyrights).

10. This Court has personal jurisdiction over Defendant because a significant portion of the infringing conduct occurred in this District and because Defendant has substantial contacts with New York, including through art galleries and fairs where Defendant's work has been exhibited and sold.

11. Upon information and belief, Bennett was previously represented by a New York gallery – the Joseph Gross Gallery, located in the Chelsea neighborhood of Manhattan – through which he has exhibited and sold copies of the infringing works at issue in this action.

## FACTUAL ALLEGATIONS

12. Plaintiff is the author and copyright owner of an iconic photograph of the early hip-hop artist known as Slick Rick, attached as Exhibit 1 (hereinafter, the "Photograph").

13. Plaintiff shot the Photograph in her New York studio in 1989 as part of a press shoot for the Def Jam record company.

14. Plaintiff was not an employee of Def Jam at the time the Photograph was taken and did not sign or enter a "work for hire" agreement with respect to her photo work. The Photograph was ultimately not selected by Def Jam as the press photo.

15. The Photograph was shot using black and white film and features Slick Rick prominently standing in front of a stark white background, wearing sunglasses, a suit and tie, holding an empty bottle of champagne and a Fendi brand handbag at his feet. The artist also is brazenly grabbing his crotch and slouching his shoulders.

16. Plaintiff's Photograph is well-known in the hip-hop community and has been recognized as one of the most iconic images of Slick Rick.

17. In a series of works titled "*Cojones*," Defendant copied and appropriated Plaintiff's

Photograph, nearly in its entirety, simply replacing Slick Rick's head with that of various other pop culture icons, including several of Slick Rick's hip-hop contemporaries.

18. A side-by-side comparison of the Photograph and one example of the *Cojones* works, featuring artist Jean-Michel Basquiat, is shown below.

 

**Beckman Photograph**          **"Basquiat Cojones"**

19. Using Plaintiff's Photograph, Defendant has created numerous – at least eighteen (18) – versions of the *Cojones* works, each in multiple editions, and sold them to galleries and collectors around the world.

20. Attached hereto as Exhibit 2 are true and correct copies of various versions of Defendant's *Cojones* works.

21. Upon information and belief, signed editions of the *Cojones* works are currently being offered for sale for upwards of $20,000 each.

22. In a July 2016 interview with the popular art auction website Artsy, Defendant acknowledged that "[m]usic industry photographer Janette Beckman captured the original

photograph" in reference to the *Cojones* series. Defendant also stated in the interview that the series "started out as an homage to Hip Hop and the courage exhibited within such an art form [and then] became even more encompassing including various ballsy individuals[.]"

23. Despite knowing that Plaintiff was the original author of the Photograph, Defendant never requested permission to use, copy, sell, and/or distribute the Photograph in the *Cojones* series.

24. Indeed, even after being contacted by Plaintiff and asked to stop using her Photograph, Defendant refused to comply with her request and continued to create and sell the *Cojones* works for many thousands of dollars.

25. Plaintiff recently collaborated with several other artists to create "mash up" or remixed versions of several of her photographs, including the Slick Rick Photograph, in which other artists layered their own creative work onto the photographs. The mash up series of works were published in a 2018 book, titled, "The Mash Up: Hip-Hop Photos Remixed by Iconic Graffiti Artists," by Hat & Beard Press.

26. Upon information and belief, Defendant's *Cojones* series has led consumers and gallerists to incorrectly believe that Plaintiff is associated with and/or has collaborated with Defendant in a similar vein as the mash up series.

27. Sales of the *Cojones* works have interfered with and/or usurped sales of Plaintiff's original Photograph and diminished the value of her work by diluting the market with so many appropriated copies.

28. Defendant continues to display the *Cojones* works on the homepage of his website

and in his Los Angeles gallery to this day.

## COUNT I
## COPYRIGHT INFRINGEMENT

29. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

30. Plaintiff is the author and registered copyright owner of the Photograph.

31. Plaintiff registered her copyright in the Photograph with the United States Copyright Office under registration VA 1-950-091.

32. Defendant copied, reproduced, printed, displayed, offered for sale, and sold unauthorized reproductions of Plaintiff's Photograph in violation of her exclusive rights under the Copyright Act.

33. The *Cojones* works are not transformative of Plaintiff's Photograph in any meaningful way. Defendant's work is nearly identical to Plaintiff's Photograph, incorporating a literal reproduction of the Photograph and simply replacing the subject's head with a different artist or cultural icon and changing the background color.

34. The *Cojones* works depict the same subject matter (albeit with a different figure head), composition, pose, bi-chromatic aesthetic, and overall message as Plaintiff's Photograph— that of a defiant, rebellious cultural figure physically exhibiting their disregard for social norms and the status quo.

35. The *Cojones* works add no new meaning to Plaintiff's original artistic intent and are not a parody of the Photograph. In Defendant's own words, the *Cojones* series began as an "homage" to hip-hop and the courage displayed by its progenitors, and subsequently expanded to other "ballsy" cultural, artistic, and political figures.

36. The *Cojones* works occupy largely the same commercial market as Plaintiff's

work—the contemporary fine art market, and specifically within the "street art" subcategory. Further, Defendant's principal gallery is located in the same city—Los Angeles—as the gallery through which Plaintiff's Photograph is currently being exhibited and sold.

37. Defendant's infringements were willful, knowing, intentional, and/or reckless.

38. Defendant knew the Photograph was created by Plaintiff and protected by copyright, and nevertheless created and sold numerous reproductions of the work even after being contacted by Plaintiff and asked to stop using the Photograph.

39. By copying, distributing, displaying, publishing, and otherwise exploiting Plaintiff's copyrighted work, Defendant infringed Plaintiff's copyrights in the Photograph and caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

40. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendant's profit attributable to the infringements, and damages suffered as a result of the lack of compensation, credit, and attribution from any diminution in the value of Plaintiff's copyrighted work.

**WHEREFORE,** Plaintiff respectfully prays for judgment on her behalf and for the following relief:

1. A trial by jury of all claims and issues so triable;

2. A preliminary and permanent injunction against Defendant from copying, displaying, distributing, promoting, and/or exploiting in any manner the copyrighted work identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's Photograph and all copies of the infringing materials described in this complaint that are in the control or possession

or custody of Defendant;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendant's profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution;

4. Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

5. For such other and further relief as the Court deems just and proper.

Dated: February 11, 2019

                    Respectfully submitted,

                    /s/ Nathaniel A. Kleinman
                    Nathaniel A. Kleinman (NK3168)
                    The McCulloch Law Firm, PLLC
                    501 Fifth Avenue, Suite 1809
                    New York, New York 10017
                    Tel: (212) 355-6050
                    nate@mccullochiplaw.com